LODGED
CLERK, U.S. DISTRICT COURT
SEP 3 0 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

FILED
2009 OCT 28  AM 11: 56
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CASE NUMBER

**CATHAY BANK, ETC.**

**CV09- 7130 UA (DUTYx)**

PLAINTIFF(S)

V.

**SELECIA PUNG, ET AL.**

**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE**

DEFENDANT(S)

**IT IS ORDERED** that the complaint may be filed without prepayment of the filing fee.

Note: This order does not authorize service of the complaint by the U.S. Marshal. Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned.

_____        _____
Date                           United States Magistrate Judge

**IT IS RECOMMENDED** that the request of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

✓ Inadequate showing of indigency          ☐ District Court lacks jurisdiction

☐ Legally and/or factually patently frivolous     ☐ Immunity as to _____

✓ Other: See Attached.

Comments:

10-20-09                        F---l M. Aly
Date                            United States Magistrate Judge

**IT IS ORDERED** that the request of plaintiff to file the action without prepayment of the filing fee is:
       ☐ GRANTED          X DENIED (See comments above).

10/26/09                        Audrey B. Collins
Date                            United States District Judge

CV-73A (02/05)                  ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

**Cathay Bank v. Selecia Pung et al.**,
Case No. CV 09-7130

Defendants Selecia Pung ("Pung") and Wellington Phillips ("Phillips") filed a Notice of Removal, seeking to remove the state court unlawful detainer action filed against them by Cathay Bank. Defendants seek leave to file a Notice of Removal, removing the case from Los Angeles County Superior Court, without prepayment of fees. (See Pung Request to Proceed In Forma Pauperis ("Pung Request"), filed on September 30, 2009; Phillips Request to Proceed In Forma Pauperis ("Phillips Request"), filed on September 30, 2009). Under 28 U.S.C. § 1915, a person submitting an application to proceed in forma pauperis must include a statement that describes all of his or her assets demonstrating that the person is unable to pay the court costs and fees. 28 U.S.C. § 1915(a)(1); see also Local Rule 5-2 ("An action to be filed *in forma pauperis* shall be accompanied by a motion, with supporting declaration. The declaration shall set forth information sufficient to establish that the movant will be unable to pay the fees and costs or give security therefor.") (italics in original). A district court "shall dismiss the case at any time if the court determines that the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). The in forma pauperis provisions of 28 U.S.C. § 1915 apply where a defendant seeks to file a notice of removal. Deutsche Bank Nat'l Trust Co. v. Franco, 2009 WL 3045972, at *1 (N.D. Cal. 2009) (a request to proceed in forma pauperis applies where defendant filed a notice of removal); see Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

In Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 340, 69 S.Ct. 85, 89 (1948), the Supreme Court explained that a litigant is permitted to proceed in forma pauperis to prevent the abandonment of "what may be a meritorious claim in order to spare himself complete destitution." "[A]n affidavit [to proceed in forma pauperis] is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Id. at 339, 69 S.Ct. at 89 (internal quotation marks omitted). The Court's filing fee for a civil case is $350. Phillips's Request indicates that her approximate annual income is $21,600. (Phillips Request at 1, Question 1) (asserting $1800 in monthly income). As Phillips's income is significantly above the poverty line, it is clear that she can, without any significant hardship, pay court costs and filing fees while still being able to pay the necessities of life. See Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. 4200 (U.S. Dept. of Health & Human Servs. 2009) (indicating that the poverty level for 2009 for a single person with no dependents is $10,830).

In defendant Pung's Request, she states that she earned $45,000 in 2008 and $3,000 per month as late as January 2009. (See Pung Request at 1-2, Question Nos. 1 & 5). Nevertheless, the Request states that Pung received no money from any source during the past twelve months. (See id. at 1, Question No. 2). Under the circumstances, the Court will deny Pung's request to proceed in forma pauperis because of the inconsistent statements regarding her income. See 28 U.S.C. § 1915(e)(2)(A).